# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2025-2502
LT Case No. 2014-CA-000123

———————————————

CARRINGTON MORTGAGE
SERVICES, LLC,

    Appellant,

    v.

MICHAEL TESSENEAR, CARY L.
TESSENEAR, and STEVEN K.
JONAS, as Trustee of the 4785
Oakfield Circle Trust, Dated,
February 28, 2006,

    Appellees.

———————————————

On appeal from the Circuit Court for Hernando County.
Pamela S. Vergara, Judge.

Eric M. Levine, of Atlas │ Solomon LLP, Stuart, for Appellant.

No Appearance for Appellees.

August 14 2026

PER CURIAM.

    Carrington Mortgage Services, LLC, appeals the order denying its motion to add mobile home information to the trial court's summary final judgment and certificate of title issued

following judicial sale of the subject foreclosed property.[1] We reverse.

For reasons discussed in our opinion in the companion appeal in case number 5D2025-1687, we reversed the underlying final judgment of foreclosure and remanded for further proceedings.[2] Because the final judgment has been reversed, the certificate of title issued subsequent to the foreclosure sale required thereby is no longer of any legal force or effect. As a result, the order subject of Carrington's otherwise meritorious appeal in this case is due to be reversed.

Accordingly, we reverse the trial court's order denying Carrington's motion to add mobile home information to the trial court's summary final judgment and resulting certificate of title and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED for further proceedings.

JAY, C.J., and SOUD and BOATWRIGHT, JJ., concur.

---

[1] No appellee has made an appearance or filed a brief in this appeal.

[2] The issue in 5D2025-1687 involves the trial court's dismissal of Carrington's claim for reformation of the description of the subject property seeking to include a more precise legal metes and bounds description. Here, the issue appealed by Carrington is the trial court's denial of its request to add to the legal description the 2000 mobile home currently affixed to the property and running with the secured land. While the issues in the appeals are different, each appeal is born from the same summary final judgment.

————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

————————————————